UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| MICHAEL BEASLEY, | ) |
| Plaintiff, | ) ) ) |
| v. | ) ) Civil Action No.   24-02940 (UNA) |
| DEPARTMENT OF CORRECTIONS, | ) ) ) ) |
| Defendant. | ) ) |

**MEMORANDUM OPINION**

This matter, brought *pro se*, is before the Court on its initial review of Plaintiff's complaint and motion for leave to proceed *in forma pauperis*. For the following reasons, the Court will grant the motion and dismiss the case.

The subject-matter jurisdiction of the federal district courts is limited. Under 28 U.S.C. §§ 1331 and 1332, federal jurisdiction is available when a "federal question" is presented, *id*. § 1331, or the parties are of diverse citizenship and the amount in controversy "exceeds the sum or value of $75,000, exclusive of interest and costs," *id*. § 1332(a). A party seeking relief in the district court must plead facts that bring the suit within the court's jurisdiction, Fed. R. Civ. P. 8(a), or suffer dismissal of the case, Fed. R. Civ. P. 12(h)(3).

Plaintiff, a resident of Washington, D.C., sued the D.C. Department of Corrections for an alleged accident that occurred while he "was in custody" and being transported "from the court house to the [D.C.] Jail." Compl., ECF No. 1 at 4. Invoking the diversity statute, *id*. at 3, Plaintiff seeks damages exceeding $1 million, *id*. at 4.

"[G]enerally, bodies within the District of Columbia government . . . are not suable as separate entities," *Sobin v. District of Columbia*, F. Supp. 3d , 210 (D.D.C. 2020), and the

Department of Corrections is no exception.  *See Carter-El v. District of Columbia Dep't. of Corrections*, 893 F. Supp. 2d 243, 247 (D.D.C. 2012) ("[T]he Department of Corrections is not an entity capable of being sued separate from the District of Columbia.").  Even if substituted, however, the District of Columbia is "a stateless entity" that "is not subject to diversity jurisdiction," *Long v. District of Columbia*, 820 F.2d 409, 416 (D.C. Cir. 1987), and the complaint does not present a federal question.  *See* 28 U.S.C. § 1331 (conferring jurisdiction over civil actions "arising under the Constitution, laws, or treaties of the United States").  Consequently, this case will be dismissed by separate order.

_____/s/_____  
ANA C. REYES  
United States District Judge

Date: December 5, 2024